IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00231-F-1
No. 5:11-CV-00725-F

| | |
|---|---|
| GARY WAYNE ROBINSON,<br>                 Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>                 Respondent. | ORDER |

This matter is before the court on the Government's Motion to Dismiss [DE-32] Gary Wayne Robinson's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-25]. In his pending § 2255 motion, Robinson asserts that he is entitled to relief on the following grounds: (1) He received ineffective assistance of counsel when his attorney failed to object to the five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(C) for distribution to a minor, on the basis that the definition of minor found in the commentary to the guidelines is in conflict with and impermissibly expands the definition found in the controlling statute, 18 U.S.C. § 2256; (2) He received ineffective assistance of counsel when his attorney failed to "properly and adequately" argue that he should receive a non-guidelines sentence pursuant to *United States v. Booker*, *United States v. Kimbrough*, and *United States v. Gall*; and (3) In the alternative, Robinson argues that his attorney provided him with ineffective assistance of counsel by failing to file a notice of appeal on his behalf to raise the two foregoing arguments on direct appeal. In its Motion to Dismiss, the Government argues that dismissal of Robinson's § 2255 motion is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Procedural Background

Robinson was charged in a seventeen-count indictment. *See* Indictment [DE-1]. On September 7, 2010, Robinson pled guilty pursuant to a written plea agreement [DE-20] to Count One of the Indictment. [DE-19.] In Count One, Robinson was charged with knowingly transporting and shipping in interstate commerce by means of a computer, visual depictions of minors engaged in sexually explicit conduct. The production of these images involved the use of a minor engaged in such sexually explicit conduct, all in violation of 18 U.S.C. § 2252(a)(1). *See* Indictment [DE-1].

On December 14, 2010, the court sentenced Robinson to 210 months' imprisonment, and upon release, supervised release for life. *See* Judgment [DE-22]. Robinson did not file a direct appeal.

## Legal Standard

The purpose of a 12(b)(6) motion is not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Rather, a Rule 12(b)(6) motion tests the legal sufficiency of the complaint and must be granted if the complaint fails to state a facially plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When a court considers a motion to dismiss, it must assume the truth of all facts alleged in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, "the court 'need not accept the legal conclusions drawn from the facts, and [ ] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 385-86 (4th Cir. 2009) (quoting *Jordan v. Alternative Res. Corp*, 458 F.3d 332, 338 (4th Cir. 2006)).

2

Case 5:10-cr-00231-F Document 37 Filed 09/12/13 Page 2 of 6

## Discussion

### I. Waiver

"[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). The determination regarding whether a waiver is knowing and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at 221-22.

Robinson's plea agreement, which he signed and agreed to in open court, contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waiver all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-20]. A review of the record reveals that Robinson's waiver was both knowing and voluntary.

To the extent that the issues Robinson has raised in his § 2255 motion relate to the establishment of the advisory guideline range, they have been waived. A review of the record reveals that during Robinson's sentencing, the court established that his guideline range was 210

3

to 240 months. [DE-24.] As noted above, Robinson was sentenced to 210 months' imprisonment. Thus, his sentence was within the guideline range determined at sentencing. Accordingly, Robinson has waived these issues.

## II. Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate that counsel's inadequate performance prejudiced him. *Id.* at 687. Therefore, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

Initially, Robinson argues that he received ineffective assistance of counsel when his attorney failed to object to the five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(C) for distribution to a minor. Robinson specifically argues that his counsel should have objected on the basis that the definition of minor found in the commentary to the guidelines is in conflict with and impermissibly expands the definition found in the controlling statute, 18 U.S.C. § 2256.

4

By way of background, a review of the record reveals that on October 3, 2009 and October 18, 2009, Defendant engaged in online chat with an undercover officer. (Presentence Investigation Report "PSR" at 3.) Although the undercover officer was an adult, the officer indicated to Defendant that he was only fourteen years old. *Id.* On October 18, 2009, Defendant sent three images of child pornography to the undercover officer. *Id.*

The PSR recommended, *inter alia*, that Defendant receive an increase of five levels under U.S.S.G. § 2G2.2(b)(3)(C) for distribution to a minor[1]. Defendant's trial counsel did not file any objections to the PSR.

The undersigned concludes that Robinson has not shown ineffective assistance of counsel because he has not satisfied either prong of the *Strickland* standard. Specifically, Robinson has not satisfied the first prong because he has failed to show that his counsel's failure to object was performance which fell below an objective standard of reasonableness for lawyers in the same situation. Additionally, Robinson has not satisfied the second prong because he has not shown a "reasonable probability" that his sentence would have been more lenient if his counsel had objected.

In Robinson's next assignment of error, he claims that he received ineffective assistance of counsel when his attorney failed to "properly and adequately" argue that he should receive a non-guidelines sentence. A review of transcript from Robinson's December 14, 2010 sentencing hearing belies this argument. Specifically, Robinson's counsel argued that the court should

---

[1] The comment to U.S.S.G. § 2G2.2 provides that a minor is "an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years."

5

impose a sentence of no more than 210 months' imprisonment and then proceeded to argue that the court consider varying. [DE-24 at 5.] Robinson's counsel pointed out the following factors about Robinson: He was a young man; He had no prior criminal history; He had worked since age sixteen; He had strong support from his family; He had been active in his church; He accepted full responsibility for his conduct; He was extremely remorseful; and He acknowledged that he needed mental health counseling. *Id.* at 4-5.

In his final assignment of error, Robinson asserts that to the extent this court finds his ineffective assistance of counsel claims were waived because they were not raised on direct appeal, his trial counsel provided him with ineffective assistance by failing to file a notice of appeal to raise the issues on direct appeal. The undersigned did not find that the ineffective assistance of counsel claims were waived because they were not presented on direct appeal. Accordingly, this argument lacks merit.

**Conclusion**

For the foregoing reasons, the Government's Motion to Dismiss [DE-32] is ALLOWED, and Robinson's § 2255 motion [DE-25] is DISMISSED. The undersigned further concludes that Robinson has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the *12* day of September, 2013.   *James C. Fox*

James C. Fox
Senior United States District Judge

6

Case 5:10-cr-00231-F   Document 37   Filed 09/12/13   Page 6 of 6