UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Gary Wayne Robinson**                           Docket No. 5:10-CR-231-1M

**Petition for Action on Supervised Release**

COMES NOW Carlton Timberlake, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Gary Wayne Robinson, who, upon an earlier plea of guilty to Transmission of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1), was sentenced by the Honorable James C. Fox, Senior U.S. District Judge, on December 14, 2010, to the custody of the Bureau of Prisons for a term of 210 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for life.

Gary Wayne Robinson was released from custody on June 18, 2025, at which time the term of supervised release commenced.

On June 23, 2025, the defendant's case was reassigned to Chief U.S. District Judge Richard E. Myers, II.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

The defendant is currently on supervised release as a result of his convictions for Transmission of Child Pornography. The Eastern District of North Carolina Probation Office no longer requires a defendant to abide by the rules and regulations of the NCE Sex Offender Program. Instead, the probation office, in conjunction with our contract therapist, has tailored specific additional conditions to meet the needs of each offender. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The condition that states, "While under supervision in the Eastern District of NC, the defendant shall further abide by the rules and regulations of the NCE Sex Offender Program," is removed.

2. To ensure compliance with supervision, the defendant shall submit to unannounced searches of any computer or computer equipment (including mobile phones, tablets, and data storage devices) which may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals. Such examination may require the removal of devices from the defendant's possession for the purpose of conducting a thorough inspection.

3. At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring.

4. The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet services providers, or exchange formats involving computers unless approved by the U.S. Probation Officer.

Gary Wayne Robinson
Docket No. 5:10-CR-231-1M
Petition For Action
Page 2

5. The defendant shall not possess any legal or illegal pornographic material, including materials depicting and/or describing "child pornography and/or "simulated" child pornography as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be accessed, obtained, or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.

6. The defendant shall not be employed with any position or participate as a volunteer in any activities that involve direct or indirect contact with children under the age of eighteen (18) without written permission from the U.S. Probation Officer. Under no circumstances may the defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of 18.

7. At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with supervised release and treatment conditions.

8. The defendant shall participate in a sex offender treatment program as directed by the U.S. Probation Officer, and the defendant shall comply with and abide by all the rules, requirements, and conditions of the treatment program until discharged. The defendant shall take medication as prescribed by the treatment provider.

9. The defendant shall not use, possess, or control any computer-based counter forensic tools. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall, upon request, immediately provide the U.S. Probation Officer with any and all passwords required to access data compressed or encrypted for storage by any software.

10. The defendant shall not loiter within 1,000 feet of any area where minors frequently congregate (e.g., parks, school property, playgrounds, arcades, amusement parks, day-care centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, and circuses) without written permission from the U.S. Probation officer.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Melissa K. Lunsmann
Melissa K. Lunsmann
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Carlton Timberlake
Carlton Timberlake
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 919-861-8665
Executed On: July 25, 2025

Gary Wayne Robinson
Docket No. 5:10-CR-231-1M
Petition For Action
Page 3

## ORDER OF THE COURT

Considered and ordered this 29th day of July, 2025, and ordered filed and made a part of the records in the above case.

*Richard E Myers II*
Richard E. Myers, II
Chief U.S. District Judge